IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VANDAIRE KNOX, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-CV-92-SMY-RJD |
| KIMBERLY BUTLER, CAMERON WATSON, MAJOR HASSAMEYER, PELKER, SUSAN KIRK, JASON B. MIGNERON, ILLINOIS DEPARTMENT OF CORRECTIONS, RON STELL, and JACOB BOHNERT | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 139), recommending the granting of Defendant Susan Kirk's Motion for Summary Judgment (Doc. 110). Plaintiff filed a timely objection (Doc. 142). For the following reasons, Judge Daly's Report and Recommendation is **ADOPTED**.

## Background

Plaintiff VanDaire Knox, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit claiming his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Plaintiff alleges Defendant Kirk was deliberately indifferent to his serious medical need in violation of the Eighth Amendment by ignoring his requests for assistance in obtaining a brace for his left knee. Kirk moved for summary judgment, asserting that Plaintiff's claims against her are barred due to his settlement in a previous case, *Knox v. Shearing, et al.*, 14-cv-193.

In her Report, Judge Daly notes that Plaintiff signed a "Release of All Claims and Indemnity Agreement" ("the Release") on March 17, 2017 which released any liability regarding medical treatment Plaintiff received for his left knee at Menard up to the date of the Release. Judge Daly found that the Release effectively discharged Kirk from Plaintiff's deliberate indifference claim in this action and accordingly, concluded that Kirk is entitled to summary judgment.

**Discussion**

Because a timely objection was filed, the undersigned must undertake a *de novo* review of Judge Daly's Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

Plaintiff objects to Judge Daly's conclusion that his claims against Defendant Kirk are barred by the Release. Specifically, Plaintiff alleges the Release was given solely for his claims against the defendants named in the settlement and that Kirk was not a party to the previous settlement. "A release is a contract wherein a party relinquishes a claim to a person against whom the claim exists, and a release is subject to the rules governing the construction of contracts." *Carona v. Ill. Cent. Gulf R. Co.,* 561 N.E.2d 239, 242 (5th Dist. 1990). Under Illinois law, the Court "must interpret the words of the contract with their common and generally accepted meanings" and must construe the words of the contract "within the context of the contract as a whole." *William Blair & Co. v. FI Liquidation Corp.,* 830 N.E.2d 760, 770 (1st Dist. 2005) (internal citations omitted). To be enforceable, the terms of a contract must be clear, certain and

free from ambiguity and doubt.  *Rakowski v. Lucente,* 472 N.E.2d 791, 794 (1984).  Where the terms of a release are clear and explicit, the Court must enforce them as written.  *Id*.

Here, the terms of the Release are unambiguous.  The Release defines "Released Parties" as Wexford Health Sources, Inc., and its agents (actual or apparent), servants, employees, affiliated independent contractors, and nurses.  Plaintiff agreed to waive his claims and release the Released Parties from any liability regarding medical treatment Plaintiff received for his left knee at Menard up to the date of the Agreement (March 2017).  Although Defendant Kirk was not a party to the 2017 settlement, she is a nurse employed by Wexford who provided medical treatment for Plaintiff's left knee during the period covered by the Release.  As such, she is a "Released Party" under the terms of the Release.

After thoroughly reviewing the record before it, the Court finds Judge Daly's factual findings and analysis to be thorough and accurate and **ADOPTS** her Report and Recommendation (Doc. 139) in its entirety.  Accordingly, Defendant Kirk's Motion for Summary Judgment (Doc. 109) is **GRANTED**.  The Clerk is **DIRECTED** to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**

**DATED:  September 30, 2019**

 **STACI M. YANDLE**
 **United States District Judge**